UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT A. ROLLICK, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY PALMER; UNITED YACHT SALES, LLC; and CHRISTIAN GUTHRIE, <br><br> Defendants. | C.A. No. 1:25-cv-00589-MSM-PAS |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is defendant Christian Guthrie's Motion to Dismiss plaintiff Robert A. Rollick, Jr.'s Complaint for lack of personal jurisdiction. (ECF No. 4.)

I.   BACKGROUND

From approximately 2021 to 2025, Mr. Rollick "lived and worked in the Massachusetts/Rhode Island coastal region—principally Fall River, Massachusetts and the Newport/Tiverton, Rhode Island area[.]" (ECF No. 5 at 2.) Mr. Rollick lists his home address in Tiverton, Rhode Island. He operated as a yacht broker in markets including "the New England region," New York, and Florida. (ECF No. 5 at 2, 5.) Mr. Rollick brokered the sale of a boat from a seller to Mr. Guthrie. (ECF No. 1-1 ¶ 6.) However, this transaction went awry and became the subject of litigation in

Florida.[1] Mr. Rollick subsequently filed a complaint in Rhode Island Superior Court in Newport County. (ECF No. 1-1.) He asserted several claims against Mr. Guthrie including fraud, misrepresentation, defamation, and civil conspiracy. (ECF No. 1-1 at 4.) Mr. Guthrie removed the case to this Court and now moves to dismiss alleging lack of personal jurisdiction. (ECF Nos. 1; 4.) For the following reasons, Mr. Guthrie's motion is GRANTED.

## II. MOTION TO DISMISS STANDARD

When challenged, the plaintiff has the burden of proving that a federal court has the authority to exercise personal jurisdiction over any out-of-state defendant. *Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 51 (1st Cir. 2020). When a party challenges personal jurisdiction through a Rule 12(b)(2) motion and the Court has not held an evidentiary hearing, it applies the prima facie standard. *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121 (1st Cir. 2022). Under this standard, the Court "acts not as a factfinder, but as a data collector" in determining "whether the plaintiff has proffered facts that, if credited, would support all findings essential to personal jurisdiction." *Chen*, 956 F.3d at 51 (citation modified). We draw the relevant facts from "the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy,*

---

[1] The United States District Court for the Southern District of Florida entered a final judgment finding Mr. Rollick liable for defrauding the seller during the vessel transaction. (ECF No. 4-9.) He has also been charged with third-degree embezzlement by the State of Florida. (ECF No. 4-10.)

2

*Inc.*, 825 F.3d 28, 34 (1st Cir. 2016).  But we do not consider conclusory allegations or farfetched inferences.  *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).

### III.   DISCUSSION

#### A. Personal Jurisdiction Generally

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts."  *Walden v. Fiore*, 571 U.S. 277, 283 (2014).  "To exercise personal jurisdiction over a nonresident defendant, the defendant must 'have certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 258 (1st Cir. 2022) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1940)).

Rhode Island's long-arm statute authorizes Rhode Island courts to exercise jurisdiction over non-resident defendants to the fullest extent permitted by the United States Constitution.  When the basis for federal jurisdiction is diversity of citizenship, the federal court acts as "the functional equivalent of a state court sitting in the forum state."  *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009).  Therefore, this Court need only decide whether the assertion of personal jurisdiction accords with due process principles.  *See Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 461 (1st Cir. 1990).

### B. Specific Jurisdiction

The Supreme Court recognizes two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Court*, 592 U.S. 351, 358 (2021). Mr. Rollick has conceded that Rhode Island courts cannot exercise general jurisdiction over Mr. Guthrie. This Court's analysis therefore turns to specific jurisdiction.

A court may assert specific jurisdiction over an out-of-state defendant if the plaintiff establishes that 1) [the] claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in that state's courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable. *Scottsdale Cap. Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018); *see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 60 (1st Cir. 2002) ("[T]his circuit divides the constitutional analysis into three categories: relatedness, purposeful availment, and reasonableness.") "Failure to make any one of these showings dooms any effort to establish specific personal jurisdiction." *Scottsdale Cap.*, 887 F.3d at 20.

Here, where "the alleged facts are less tangible than physical presence," there is the possibility for the "natural blurring of the relatedness and purposeful availment inquiries." *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 289 (1st Cir.

4

1999).  As the purposeful availment inquiry is dispositive, the Court focuses its analysis on this prong.

### C. Purposeful Availment

Requiring a party to have purposefully availed themselves of the benefits of conducting business in the state before personal jurisdiction is established ensures "the exercise of jurisdiction is essentially voluntary and foreseeable."  *Knox v. MetalForming, Inc.*, 914 F.3d 685, 691 (1st Cir. 2019).  Jurisdiction cannot be based on a defendant's "random, fortuitous, or attenuated contacts[.]" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation modified).

Mr. Rollick argues that Mr. Guthrie's "admission" that the "underlying vessel transaction occurred entirely in the Northeast" is "dispositive." (ECF No. 5 at 6–7.) That is not the case.  Here, none of Mr. Guthrie's conduct occurred in or was directed at Rhode Island.  The vessel transaction occurred outside of Rhode Island. "Plaintiff acted from Massachusetts," "[t]he buyer resided in New Jersey," "the seller resided in New York," and "[d]elivery of the vessel occurred in New Jersey," while Mr. Rollick worked for a Florida yacht broker and held a Florida brokerage license.  (ECF Nos. 1-1 ¶ 7; 4-4.)  Mr. Rollick also concedes that the banking transactions occurred out of state, "in the New England region." (ECF No. 5 at 3.)

Mr. Rollick seeks to rely on Mr. Guthrie's alleged comment on "TheHullTruth.com," to support this Court's exercise of personal jurisdiction over the defendant.  Guthrie posted a comment: "recently worked with Robbie [R]ollick of United Yacht Sales and recommended anyone stays away from him.  He has since

5

been terminated by United[,]" (ECF No. 6-2 at 75.)  The post's only connection to Rhode Island is that it mentioned Mr. Rollick, who operated a brokerage in the New England region at the time.  The website is a general, national online boating forum, not a Rhode Island website nor is it a website that focuses on Rhode Island.

According to Mr. Rollick this post caused him "[n]ational internet defamation."[2]  (ECF No. 5 at 4.)  Mr. Rollick's arguments in support of his claim for specific jurisdiction can best be summarized as asserting that he was a broker working in part in the "Rhode Island/New England coastal market," and that Mr. Guthrie's actions caused him and his brokerage some harm in Rhode Island.  (ECF No. 5 at 1.)  However, asserting that a defendant's actions in different states and online had trickle-down effects on a plaintiff doing business in Rhode Island is insufficient to satisfy specific personal jurisdiction.  *See Walden v. Fiore*, 571 U.S. 277, 278 (2014); *see also Phillips Exeter*, 196 F.3d at 290 ("The mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in the plaintiff's home state.")

Mr. Rollick's assertion that he remained a resident of Rhode Island during his interactions with Mr. Guthrie,[3] and his assertion that Mr. Guthrie knew he lived or operated in Rhode Island add nothing to his assertion of personal jurisdiction.  Mere knowledge that the plaintiff is living or operating in a particular state is insufficient.

---

[2] Mr. Rollick claims Mr. Guthrie accused him of "stealing client funds" but this claim is contradicted by the exhibit Plaintiff references and attaches.  (ECF No. 5 at 4.)

[3] It appears Mr. Rollick also used a Key West, Florida address at the time of the vessel transaction dispute.  (ECF No. 6-1 at 170.)

*See Guo v. Tomkiewicz*, No. 23-CV-342-MSM-LDA, 2024 WL 2391125, at *2 (D.R.I. May 23, 2024).

In defamation cases, courts also assess whether a defendant's actions were expressly aimed at the forum state. *McCarty v. Doe*, 2024 U.S. Dist. LEXIS 145494, at *15 (D. Mass. Aug. 15, 2024) (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984). Here Mr. Rollick provides no support for his claim that Mr. Guthrie expressly aimed his post on "TheHullTruth.com" at his operations in Rhode Island rather than generally, commenting on his experience with Mr. Rollick as a broker in New York. *See Sensitech Inc. v. Limestone FZE*, 548 F. Supp. 3d 244, 256-257 (D. Mass. 2021) ("defamatory 'effect' [within a forum] by itself is not sufficient to confer jurisdiction over a foreign defendant. Rather . . . the victim of the defamatory statement must demonstrate that its author intended the libel to be felt in the forum state") (quoting *Noonan v. Winston Co.*, 902 F. Supp. 298, 305 (1st Cir. 1995)).

## IV.   CONCLUSION

Mr. Rollick's failure to sufficiently allege and proffer facts from which a court could conclude that Mr. Guthrie purposefully availed himself of the privilege of conducting activities in Rhode Island dooms his effort to establish specific jurisdiction. As a result, the Court GRANTS Mr. Guthrie's Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 4.) Because this dismissal is on jurisdictional grounds, it is made without prejudice.

IT IS SO ORDERED,

/s/ Mary S. McElroy
_____
Mary S. McElroy
United States District Judge

March 9, 2026